UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHARON FLEMING, ) | Case No. 1:09CV373 |
| ) | |
| Plaintiff, ) | MAGISTRATE JUDGE |
| ) | GEORGE J. LIMBERT |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | <u>MEMORANDUM OPINION & ORDER</u> |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

Plaintiff requests judicial review of the final decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits (DIB). ECF Dkt. #1. Plaintiff asserts that the Administrative Law Judge (ALJ) erred in his decision by failing to evaluate her fibromyalgia under Listing 1.02 in the Listing of Impairments in 20 C.F.R. Part 4, Subpart P, Appendix 1 (Listing of Impairments) and to consider the combined effects of her severe impairments under step three. She also asserts that the ALJ lacked substantial evidence for his residual functional capacity (RFC) determination and failed to fully and fairly develop the record. ECF Dkt. #13. For the following reasons, the Court reverses the ALJ's decision and remands this case.

**I.    PROCEDURAL HISTORY**

Plaintiff filed an application for DIB on January 18, 2005, alleging disability beginning January 1, 2000 due to fibromyalgia and ankylosing spondylitis. Tr. at 52-61. The Social Security

1

Administration (SSA) denied Plaintiff's application initially and upon reconsideration. *Id*. at 40-45. Plaintiff requested a hearing before an ALJ which was held on June 25, 2008. *Id*. at 37-39, 225.

On July 3, 2008, the ALJ found that Plaintiff had the severe impairments of fibromyalgia, osteoarthritis, ankylosing spondylitis, and depressive disorder. Tr. at 15. However, the ALJ found that these impairments, individually or in combination, did not meet or equal a listed impairment in 20 C.F.R. Part 4, Subpart P, Appendix 1. *Id.* at 15-16. He addressed Listing 1.02 with regard to Plaintiff's osteoarthritis, Listing 1.04 regarding Plaintiff's ankylosing spondylitis, and Listing 12.04 as to Plaintiff's depressive disorder. *Id*. The ALJ noted that no section in the Listing of Impairments addressed fibromyalgia. *Id*. at 16. The ALJ discounted Plaintiff's complaints of totally disabling pain based upon her lack of emergency treatment or hospitalization for pain, infrequent treatment, lack of findings of incapacitation or debilitating symptoms by physicians, and normal or mild to moderate findings by physicians, including findings of mild to moderate tenderness. *Id*. at 19. The ALJ found that Plaintiff could perform light work based upon her report of daily living activities of helping to home school her grandchildren, caring for her personal needs, preparing simple meals, doing laundry, cleaning, driving, shopping, and managing her finances. *Id.* The ALJ found that Plaintiff was unable to perform her past relevant work as a registered nurse, but had transferable skills from her prior employment to other occupations with jobs existing in significant numbers in the national economy. *Id.* He applied the Medical Vocational Guidelines in 20 C.F.R. Part 404, Subpart P, Appendix 2, specifically Medical-Vocational Rule 202.15 before Plaintiff reached the age of 55 and Medical-Vocational Rule 202.07 upon her attainment of the of 55 to find that Plaintiff was not disabled. *Id.* at 21.

Plaintiff requested review of the ALJ's decision and her counsel provided argument along with a letter from Plaintiff's treating rheumatologist. Tr. at 8-9, 222-224. The Appeals Council denied the request, finding no basis for changing the ALJ's decision. *Id.* at 5-8. Plaintiff timely filed an appeal to this Court and Defendant answered. ECF Dkt. #s 1, 10. The parties consented to the jurisdiction of the undersigned on February 25, 2009. ECF Dkt. #5. Both parties have filed briefs addressing the merits of the case and Plaintiff has filed a reply brief. ECF Dkt. #s 13, 15, 17. At issue is the decision of the ALJ dated July 3, 2008, which stands as the final decision of the Commissioner. Tr. at 13-22; 20 C.F.R. § 404.984.

## II. STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to disability insurance benefits. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (§§20 C.F.R. 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (§§20 C.F.R. 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see §§20 C.F.R. 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (§§20 C.F.R. 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (§§20 C.F.R. 404.1520(e) and 416.920(e) (1992));

5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be

> considered to determine if other work can be performed (§§20 C.F.R. 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992).  The claimant has the burden of going forward with the evidence at the first four steps and the Commissioner has the burden at Step Five to show that alternate jobs in the economy are available to the claimant, considering her age, education, past work experience and RFC.  *See Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

### III.  STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited in scope by § 205 of the Social Security Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  Therefore, this Court is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards.  *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).  The Court cannot reverse the decision of an ALJ, even if substantial evidence exists in the record that would have supported an opposite conclusion, so long as substantial evidence supports the ALJ's conclusion.  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).  Substantial evidence is more than a scintilla of evidence, but less than a preponderance.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  It is evidence that a reasonable mind would accept as adequate to support the challenged conclusion.  *Id.*; *Walters,* 127 F.3d at 532.  Substantiality is based upon the record taken as a whole.  *Houston v. Sec'y of Health and Human Servs.*, 736 F.2d 365 (6th Cir. 1984).

This Court can remand a case to the Commissioner under sentence four of 42 U.S.C. § 405(g), sentence six of 42 U.S.C. § 405(g), or under both of these sections.  Sentence four provides that a district court has the power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause

for a rehearing." 42 U.S.C. § 405(g). A sentence-four remand provides the required relief in cases where there is insufficient evidence on the record to support the Commissioner's conclusions and further factfinding is necessary. *See Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994), citing *Sullivan v. Finkelstein*, 496 U.S. 617, 625-26 (1990). "It is well established that the party seeking remand bears the burden of showing that a remand is proper under Section 405." *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir.1986), citing *Willis v. Sec'y of Health and Human Servs.*, 727 F.2d 551 (6th Cir. 1984).

An ALJ's decision may be reversed and benefits immediately awarded only if the record adequately establishes a plaintiff's entitlement to benefits. *See Newkirk v. Shalala*, 25 F.3d 316, 317 (6th Cir. 1994). The decision to deny benefits can be reversed and benefits immediately awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking. *See Faucher*, 17 F.3rd 171, 176 (6th Cir. 1994). Where further factual issues remain, the case should be remanded for further factfinding. *Id.*

## IV. ANALYSIS

### A. ALJ'S STEP THREE DETERMINATION

In her brief on the merits, Plaintiff first asserts that the ALJ erred by failing to evaluate her fibromyalgia under Listing 1.02. ECF Dkt. #15 at 7-8. However, in her reply, Plaintiff abandons this assertion as she agrees with Defendant that rheumatoid arthritis has been moved from Listing 1.02 and is evaluated under Listing 14.09. ECF Dkt. #17 at 2. Plaintiff thus asserts that the ALJ failed to evaluate her fibromyalgia under the arthritis listing of Listing 14.09[1]. ECF Dkt. #17 at 2.

---

[1] The Court notes that in her reply, Plaintiff cites to Listing 14.04 in addition to Listing 14.09 in arguing that the ALJ failed to evaluated her fibromyalgia under the Listings. However, the Court believes that Plaintiff has erroneously cited Listing 14.04 since this is the Listing for systemic scleroris (scleroderma) and no diagnosis of a condition exists in the record.

The Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 describes impairments for each of the major body parts that are deemed of sufficient severity to prevent a person from performing gainful activity. 20 C.F.R. § 404.920. In the third step of the analysis to determine a claimant's entitlement to DIB, it is the claimant's burden to bring forth evidence to establish that her impairments meet or are medically equivalent to a listed impairment. *Evans v. Sec'y of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir. 1987). In order to meet a listed impairment, the claimant must show that her impairment meets all of the requirements for a listed impairment. *Hale v. Sec'y,* 816 F.2d 1078, 1083 (6th Cir. 1987). An impairment that meets only some of the medical criteria and not all does not qualify, despite its severity. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

At step three in the instant case, the ALJ made the general statement that Plaintiff's impairments did not, individually or in combination, meet or equal any of the Listings. Tr. at 15. He then went on to address particular Listings with regard to Plaintiff's severe impairments of osteoarthritis, ankylosing spondylitis and depressive disorder. *Id*. at 15-16. He reviewed the medical evidence as to each of the listings that he believed most relevant to these impairments and found that the medical evidence did not support findings that Plaintiff's impairments met those Listings.

As to Plaintiff's severe impairment of fibromyalgia, the ALJ stated that "[t]he Listing of Impairments does not contain a section for fibromyalgia." *Id.* at 16. He then proceeded to determine Plaintiff's RFC. *Id*. The ALJ is correct that no specific listing exists for fibromyalgia in the Listing of Impairments. However, Social Security Ruling (SSR) 99-2p, which deals with evaluating chronic fatigue syndrome (CFS), notes that an overlap of symptoms exists between CFS and fibromyalgia. SSR 99-2p, fn.3. This Ruling indicates that CFS is not a listed impairment and as such "an individual with CFS alone cannot be found to have an impairment that meets the requirements of a listed

impairment; however, the specific findings in each case should be compared to any pertinent listing to determine whether medical equivalence may exist." *Id.* An impairment or combination of impairments is considered medically equivalent to a listed impairment "* * *if the symptoms, signs and laboratory findings as shown in medical evidence are at least equal in severity and duration to the listed impairments." *Land v. Sec'y of Health and Human Servs.*, 814 F.2d 241, 245 (6th Cir.1986)(per curiam). In order to show that an unlisted impairment or combination of impairments is medically equivalent to a listed impairment, the claimant "must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Sullivan*, 493 U.S. at 531.

In her brief before this Court, Plaintiff presents no evidence with regard to how or which of her fibromyalgia symptoms equal in severity any, much less all, of the criteria for inflammatory arthritis under Listing 14.09, the Listing for which Plaintiff claims error by the ALJ. The claimant has the burden of proof at steps one through four of the process for determining disability. Since Plaintiff has failed to meet this burden and has failed to develop argument as to this issue, the Court finds that it is waived. *Anthony v. Astrue*, No. 07-3344, 166 Fed. Appx. 451, 2008 WL 508008, at **6 (6th Cir. Feb. 22, 2008), unpublished, citing *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996); *see also Lear v. Astrue*, No. 4:08Cv-00077-EHJ, 2009 WL 928371, at 3 (W.D. Ky. 2009), citing *United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999) and *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997).

The Court finds the same with regard to Plaintiff's assertion that the ALJ failed to evaluate the combination of her impairments in order to determine if they equaled a listing. Plaintiff fails to develop an argument on this issue as she points the Court to no evidence showing how her combined impairments may equal a listing and fails to even inform the Court of the Listing that her impairments

-7-

may meet. Further, "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments[plural]' in finding that the plaintiff does not meet the listings." *Loy v. Sec'y of Health and Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990), quoting *Gooch v. Sec'y of Health and Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). In other words, the ALJ's treatment of Plaintiff's individual impairments in this case does not lead the Court to conclude that the ALJ failed to consider the impairments in combination when the ALJ did make the statement that he considered Plaintiff's impairments in combination. The ALJ did indicate that he had considered the record in its entirety, he set forth the evidence regarding Plaintiff's impairments, and he specifically stated that "[t]hrough the date last insured, Ms. Fleming did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)." Tr. at 15.

Accordingly, the Court finds no merit to Plaintiff's assertions that the ALJ erred in failing to determine whether her fibromyalgia meets Listing 1.02, and finds that Plaintiff waived the assertions that the ALJ failed to discuss whether her fibromyalgia and combined impairments medically equaled a listing, including Listing 14.09.

**B.** **RFC DETERMINATION**

Plaintiff also asserts that the ALJ lacked substantial evidence for his RFC finding that she could perform the full range of light work. ECF Dkt. #13 at 5-7. For the following reasons, the Court finds merit as to this issue.

Plaintiff first asserts that the ALJ failed to weigh the medical opinions in the record as required by 20 C.F.R. § 404.1527(d). ECF Dkt. #13 at 5. However, in her brief, Plaintiff fails to inform the

-8-

Court of the medical opinions that she contends the ALJ failed to weigh. *Id*. at 5-6. Further, the ALJ did review the medical records provided by Plaintiff's treating rheumatologist, Dr. Warren, and noted that Dr. Warren did not discuss Plaintiff's work capacity. Tr. at 18. The ALJ also reviewed the treatment of Plaintiff by her chiropractor, Thaddeus Bosman, and indicated that he had concluded that Plaintiff had limited abilities to sit and stand. *Id.* Plaintiff asserts that the ALJ failed to explain his rejection of the partial RFC of Plaintiff's chiropractor, but the Court finds that this assertion is erroneous. The ALJ specifically stated in his decision that Thaddeus Bosman provided chiropractic treatment to Plaintiff, he noted Plaintiff's statements to the chiropractor, and he reviewed the chiropractor's examination findings. Tr. at 18. The ALJ also cited the chiropractor's partial RFC that Plaintiff was limited in her abilities to sit and stand due to leg pain, but he noted that the chiropractor failed to discuss the extent to which Plaintiff was so limited. *Id.* Thus, to the extent that Plaintiff alleges that the ALJ failed to consider the opinions in the record, this assertion lacks merit. To the extent that Plaintiff alleges that the ALJ failed to develop the record, that assertion is discussed below.

Plaintiff also asserts that she provided the Appeals Council with a report from Dr. Warren detailing her disability and RFC. Dr. Warren opined in this report that she has been unable to work since 1999 due to persistent fatigue and generalized musculoskeletal pain. ECF Dkt. #17 at 6. Plaintiff submits that this opinion must be followed unless the ALJ gives good reason for not doing so. *Id.* It is true that Plaintiff did submit a report from Dr. Warren in which he finds that she has hypermobility syndrome, CFS, and fibromyalgia. Tr. at 222. He describes her persistent fatigue and chronic musculoskeletal pain and clinical findings, and opines that she has been off of work since the year 2000 and continues to be disabled. *Id*. However, the Court notes that this report is dated July 18, 2008 and the ALJ's decision was issued July 3, 2008. *Id.* at 22, 222. Accordingly, the ALJ did

-9-

not have this report in the record when he issued his decision. While this report was presented to the Appeals Council, it is the decision of the ALJ that is the final decision of the Commissioner for this Court's review. 20 C.F.R. § 404.984.

Plaintiff presents one last assertion regarding the ALJ's lack of substantial evidence for his RFC determination. She contends that no medical source found that she could perform light work and the ALJ rejected the RFCs provided in the record, which were from the state agency physicians and her chiropractor. ECF Dkt. #13 at 6-7. Plaintiff asserts that the ALJ cannot substitute his medical opinion for acceptable medical sources and he had no medical sources who found that she could perform light work. *Id.* at 5. As discussed above, the ALJ did review the chiropractor's RFC, but found that it did not describe the degree to which Plaintiff was so limited. As to the state agency physicians, the ALJ gave less weight to their opinions since he found that the evidence demonstrated greater exertional limitations. Tr. at 19.

The Court notes that fibromyalgia cases present challenging issues as to determining credibility, RFC and disability in the social security context. "A person with a condition of fibromyalgia certainly could have serious enough pain to have a disability under the Social Security Act, but the condition does not automatically qualify as a listing level impairment." *Bartyzel v. Comm'r of Soc. Sec.,* 74 Fed. Appx. 515, 527, 2003 WL 22025023, at 11( 6th Cir. 2003). In *Rogers*, 486 F.3d at 242, the Sixth Circuit looked to its decision in *Preston v. Secretary of Health and Human Services*, 854 F.2d 815 (6th Cir. 1988) in reviewing Rogers' contention that the ALJ refused to recognize her fibromyalgia as a severe impairment which lead the ALJ to improperly evaluate her treating physicians' opinions and to improperly discount her testimony. *Rogers*, 486 F.3d at 242. The Court found that substantial evidence did not support the ALJ's treatment of the opinions of Rogers'

treating physicians or the ALJ's discounting of Rogers' credibility regarding her pain and resulting limitations. The *Rogers'* Court indicated that on at least one occasion, the Sixth Circuit has recognized that fibromyalgia was a severe impairment "and that, unlike medical conditions that can be confirmed by objective testing, fibromyalgia patients present no objectively alarming signs." *Rogers*, 486 F.3d at 243-244, citing *Preston*, 854 F.2d at 820 (6th Cir.1988) (per curiam) (noting that objective tests are of little relevance in determining the existence or severity of fibromyalgia); and *Swain v. Comm'r of Soc. Sec.*, 297 F.Supp.2d 986, 990 (N.D.Ohio 2003) (observing that "[f]ibromyalgia is an 'elusive' and 'mysterious' disease" which causes "severe musculoskeletal pain").

The *Rogers* Court went on to describe the testing for fibromyalgia, noting that "fibromyalgia patients 'manifest normal muscle strength and neurological reactions and have a full range of motion.'" *Rogers*, 486 F.3d at 244, quoting *Preston*, 854 F.2d at 820. The Court found that the ALJ failed to discuss *Preston* and the fact that Rogers' treating physicians had used the appropriate tests for determining that she had fibromyalgia. *Rogers*, 486 F.3d at 244. The Court also indicated that the ALJ failed to properly analyze the opinions of the plaintiff's long-time treating physicians, one of whom was a rheumatologist specializing in her conditions, despite evidence of confirmatory testing. *Id.* at 245. The *Rogers* Court further found that the ALJ instead relied upon the opinions of non-treating, non-examining agency physicians, one of whom was the medical expert who indicated that he had never treated a fibromyalgia patient. *Id*. The *Rogers* Court went on to state that "[m]ost importantly, it is clear that the opinions offered by Drs. Leeb and Rath were concerned solely with objective medical evidence," holding that "in light of the unique evidentiary difficulties associated with the diagnosis and treatment of fibromyalgia, opinions that focus solely upon objective evidence are not particularly relevant." *Id.*

Moreover, the Sixth Circuit found that the ALJ's determination of the plaintiff's subjective complaints of pain did not comply with the administrative regulations. *Rogers,* 486 F.3d at 248. The *Rogers* Court first noted that the ALJ had erroneously pointed to the lack of objective medical evidence, such as normal x-rays and normal reflexes to support Rogers' complaints of disabling pain. The Court held that "the nature of fibromyalgia itself renders such a brief analysis and over-emphasis upon objective findings inappropriate." *Id.* The Court found that by focusing on the objective medical evidence, the ALJ failed to discuss or consider the plaintiff's lengthy treatment history, her frequent course of medical treatment, the numerous medications prescribed, or the side effects from those medications. *Id.* The *Rogers* Court also found error with the ALJ's finding that Rogers was "fairly active" based upon her testimony as to her daily living activities which included driving, cleaning, caring for her dogs, doing laundry, stretching, and watching the news." *Id.* The Court concluded that "these somewhat minimal daily functions are not comparable to typical work activities" and the ALJ did not discuss the physical effects of performing these activities to which Rogers had testified or the help that she testified she received for some of those activities. *Id.* Finally, the *Rogers* Court noted that the ALJ did not consider the fact that *Rogers*' physicians had encouraged her to keep active and stretch in order to help alleviate her symptoms, or that these activities may aggravate her symptoms, or that despite the doctors' encouragement to remain active, they nevertheless opined that she was severely restricted in her functional abilities. *Id.*

In remanding the *Rogers*' case, the Sixth Circuit noted that "since the ALJ's assessment of Rogers' residual functional capacity is driven by this consideration of 'all of the relevant medical and other evidence,' 20 C.F.R. § 416.945(a)(3), his RFC finding and its use in concluding Rogers could return to her past relevant work are similarly flawed." 486 F.3d at 249-250.

In determining Plaintiff's RFC in this case, the ALJ noted that Dr. Warren had not provided a RFC and Dr. Bosman provided a partial RFC with no degree of specific limitations. *Id.* The ALJ thereafter discussed Plaintiff's conservative treatment, which included medications and steroid injections. *Id.* He noted that Plaintiff did not have frequent emergency room visits, periods of hospitalization or office visits. *Id.* In addition, the ALJ noted Plaintiff's lack of significant courses of physical therapy or use of other pain relieving devices. *Id.* He also found that "[t]he findings of examining physicians have been normal or limited to no more than findings of mild to moderate tenderness, and the treatment notes of examining physicians do not document the degree of symptomatology and limitation the claimant testified to." *Id.* These are acceptable findings based upon *Rogers*.

However, the ALJ in the instant case appears to rely upon two other sources that the Court finds problematic in the context of a fibromyalgia impairment based upon *Rogers*: "minimal daily functions" and objective medical evidence. The ALJ found that Plaintiff's daily living activities supported a finding that she could perform light work because in February 2005, she stated that she helped her daughter care for and homeschool her children. *Id.* This activity does not support a finding of light work, especially since this statement only includes one month within Plaintiff's insured status and she stated that she was not caring for her grandchildren on her own. *Id.* at 88. Moreover, the other activities mentioned by the ALJ, including Plaintiff caring for personal needs, preparing simple meals, doing laundry, cleaning, driving and shopping, are the same types of activities the *Rogers* Court found "not comparable to typical work activities." *Rogers*, 486 F.3d at 248. Further, as in *Rogers*, the ALJ did not discuss the impact of these activities on Plaintiff or the fact that she had help with most of them. Tr. at 88-90 ("everything definitly[sic] takes longer and frequent rests are needed," "someone carries the laundry to the laundry area," "I go along when I feel up to it" (regarding shopping).

-13-

And to the extent that the ALJ relied upon the findings of the agency reviewing physicians in his RFC relating to Plaintiff's fibromyalgia, he has erred, since these opinions are based upon objective medical findings. *Rogers,* 486 F.3d at 245. Without a RFC opinion from Plaintiff's treating source, and only a partial RFC that failed to specify the degree of limitation from Plaintiff's chiropractor, the ALJ could look to and rely upon the opinions of the state agency physicians, who concluded that she could perform medium work. Tr. at 18-19. However, the ALJ noted that he was assigning less weight to these opinions because the evidence demonstrated greater exertional limitations. *Id.* at 19. He therefore did not outright reject these opinions and in part relied upon them since he assigned them less weight. These opinions are mainly based upon objective medical findings showing "good ROM of upper extremities, no joint deformities, negative SLR, tenderness of low back." *Id.* at 141, 145. They further state that no diagnosis of ankylosing spondylitis exists in the record and Plaintiff's "statement regarding disability are not consistent w/objective findings." *Id.* at 145. There was in fact a diagnosis of ankylosing spondylitis in the record which was made by Plaintiff's treating rheumatologist, Dr. Warren. *Id.* at 113-114. Further, the ALJ listed ankylosing spondylitis as one of Plaintiff's severe impairments and conducted analysis as to whether it met a Listing. *Id.* at 15-16.

Based upon *Rogers* and its progeny, the ALJ in this case erred in relying upon Plaintiff's minimal daily living activities and objective medical evidence in order to determine Plaintiff's RFC as to her fibromyalgia impairment. Accordingly, the Court finds that this case must be remanded in order for the ALJ to reconsider, further develop and articulate the RFC resulting from Plaintiff's fibromyalgia. Here, in determining her RFC, the ALJ indicated that no treating source had opined that Plaintiff was totally disabled or placed specific restrictions upon her activities. Tr. at 18. A United States Magistrate Judge of this District has held that a medical source statement is required to determine a claimant's RFC in every case except in "a limited number of cases where the medical

-14-

evidence shows 'relatively little physical impairment' and an ALJ 'can render a commonsense judgment about functional capacity.'" *Deskin v. Comm'r of Soc. Sec.,* 605 F.Supp.2d 908, 912 (N.D. Ohio 2008), quoting *Manso-Pizarro v. Sec'y of Health and Human Servs*., 76 F.3d 15, 17 (1st Cir. 1996).  This Court agrees with the holding in *Deskin* that an ALJ cannot interpret raw medical data in functional terms in order to determine a claimant's RFC.  605 F.Supp.2d at 912, citing *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).  However, this Court respectfully disagrees with the requirement that a RFC assessment is required in every case except those limited cases described in *Deskin*.  SSR 96-8p states that a RFC assessment must be based upon *all* of the relevant evidence in the record, only *one* of which is medical source statements, thus indicating that a medical source statement is not the only determinative factor in determining RFC.  Further, SSR 96-5p at *2 states that a RFC is not a medical issue but is an administrative finding dispositive of the case and a treating source opinion on such an issue is not entitled to controlling weight and must be evaluated *if* the record contains opinion from medical source on issue reserved to Commissioner.  Moreover, 20 C.F.R. § 404.1527(e)(2) indicates that the ultimate determination of RFC is the province of the ALJ.  In addition, the Sixth Circuit held in *Her v. Comm'r of Soc. Sec*., 203 F.3d 388, 391 (6th Cir. 1999) that "[i]f a claimant does not secure an official "Residual Functional Capacity" assessment by a medical or psychological examiner, and simply relies on other evidence to prove his impairments, it does not follow that the Commissioner subsequently must provide the RFC assessment at step five."

      The Court notes that in light of *Rogers* and its progeny, it is not clear if a RFC statement from Plaintiff's treating physician upon remand is appropriate to request and rely upon because objective medical findings appear to play little role in determining the pain and limitations from fibromyalgia and the ALJ retains the ultimate responsibility of assessing credibility and RFC.  If a treating physician's RFC related to fibromyalgia is to be derived from subjective reporting, then its medical value is questionable because no specialized knowledge is needed to interpret it.  However, the Court

suggests that the ALJ obtain the RFC and then decide whether to use it and the ALJ should further develop the record relating to Plaintiff's fibromyalgia and the impact of that impairment on her RFC and symptoms of pain and limitations from pain. Perhaps the use of a medical expert should be considered as well. "An ALJ has discretion to determine whether further evidence, such as additional testing or expert testimony, is necessary." *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir.2001); *see also* SSR 96-6p. Further, 20 C.F.R. § 404.1519a provides that ALJ may order a consultative examination only "when the evidence as a whole, both medical and nonmedical, is not sufficient to make a decision on your claim."

### C. **FULLY AND FAIRLY DEVELOPING THE RECORD**

Since the Court remands this case for further development relating to the impact and limitations of Plaintiff's fibromyalgia, Plaintiff's assertion relating to the ALJ's failure to fully and fairly develop the record will not be further addressed .

### V. **CONCLUSION**

On the basis of *Rogers* and its progeny, the Court reverses the decisions of the Commissioner and REMANDS this case for proceedings consistent with this Opinion. The ALJ should reevaluate Plaintiff's fibromyalgia in the context of RFC and credibility, analyze Plaintiff's RFC, complaints of pain, and resulting limitations using the correct standards relating to fibromyalgia, and provide adequate articulation for his findings and decision.

Dated: February 19, 2010        */s/ George J. Limbert*
                                GEORGE J. LIMBERT
                                UNITED STATES MAGISTRATE JUDGE